## UNITED STATES v. ALLEN.

Civil Action No. 8955.

United States District Court,
W. D. Pennsylvania.

April 3, 1951.

Albert C. Osofsky, Office of Housing Expediter, Philadelphia, Pa., for plaintiff.

H. F. C. Hofacker, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

And Now, to-wit, this 3rd day of April, 1951, the above-entitled case came on for hearing before the Court without a jury, and after hearing and consideration thereof, the Court makes the following Findings of Fact, Conclusions of Law and Order for Judgment:

### Findings of Fact

1. At all times herein mentioned until the time of her death, Margaret J. Allen was the landlord of the housing accommodation within the Pittsburgh Defense Rental Area designated as Apartment No. 1, First Floor Front, 905½ Birch Way, Coraopolis, Pennsylvania and the housing accommodation within said defense rental area, Second Floor, 905½ Birch Way also called Second Floor Rear Apartment, 905½ Second Avenue, Coraopolis, Pennsylvania.

2. Said Margaret J. Allen died on February 7, 1950 and Coy Allen was

thereupon appointed Administrator of the Estate of Margaret J. Allen, deceased.

3. There was in effect at all times pertinent hereto and there is still in effect the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation issued pursuant thereto which said Act and Regulation established maximum legal rents for housing accommodations within the Pittsburgh Defense Rental Area.

4. During the period between August 1, 1949 and May 31, 1950, the maximum legal rent for the housing accommodation designated Apartment No. 1, First Floor Front, 905½ Birch Way, Coraopolis, Pennsylvania, under the aforesaid Act and Regulation, was $17.50 per month.

5. During the period set forth in Finding No. 4 there was received from Malissa Crawford for and in connection with the use and occupancy of the accommodation referred to in said Finding, the sum of $32.00 per month.

6. During the period August 1, 1949 to January 31, 1950 the said sum of $32.00 per month, referred to in Finding No. 5, was received by Margaret J. Allen and during the period February 1, 1950 to May 31, 1950 the said sum of $32.00 per month was received by or in behalf of the aforementioned Coy Allen.

7. During the period between October 1, 1947 and May 31, 1950 the maximum legal rent for the housing accommodation Second Floor, 905½ Birch Way, also called Second Floor Rear Apartment, 905½ Second Avenue in Coraopolis, Pennsylvania, under the aforementioned Act and Regulation, was $25.00 per month.

8. During the period set forth in Finding No. 7 there was received from Charles Garrison and Margaret Garrison for and in connection with the use and occupancy of the accommodation referred to in said Finding, the sum of $35.00 per month.

9. During the period October 1, 1947 to January 31, 1950, the said sum of $35.00 per month, referred to in Finding No. 8, was received by Margaret J. Allen and during the period February 1, 1950 to May 31, 1950 the said sum of $35.00 per month was received by or in behalf of the aforementioned Coy Allen.

10. The sums received by Margaret J. Allen and received by or in behalf of Coy Allen for and in connection with the use and occupancy of the aforesaid accommodations during the periods above mentioned were in excess of the maximum rents established for said accommodations.

11. The overcharges thus received by Margaret J. Allen and received by or in behalf of Coy Allen from the respective tenants are as follows:

Malissa Crawford — $145.00
Charles Garrison and — $320.00
Margaret Garrison

12. The total overcharges received by Margaret J. Allen and received by or in behalf of Coy Allen from the aforementioned tenants during the periods hereinbefore set forth amounted to $465.00 of which total sum the portion of the overcharges received within one year prior to the institution of this suit amount to $255.00.

13. Defendant's violations were neither willful nor the result of failure to take practicable precautions against their occurrence.

Conclusions of Law

1. This Court has jurisdiction over the subject matter of this suit and over the parties hereto.

2. Margaret J. Allen and Coy Allen have violated the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., by receiving rents in excess of the maximum legal rents permitted by said Act and the Regulations issued thereunder.

3. The defendant having engaged in violations of the aforesaid Act, an order enforcing compliance and enjoining the violations is authorized under Section 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1896.

4. An order requiring restitution of the overcharges to the tenants is authorized under the provisions of Section

206 of the Housing and Rent Act of 1947, as amended.

5. An Order should be made herein:

(a) directing the defendant Coy Allen, individually and as Administrator of the Estate of Margaret J. Allen, deceased, to pay to the Treasurer of the United States the sum of $465.00 for the use and benefit of the following named persons in the amounts designated:

Malissa Crawford — $145.00
Charles Garrison and — $320.00
Margaret Garrison

the said sum of $465.00 representing restitution of rent overcharges, payment thereof to be made through the Office of the Housing Expediter, 1530 Chestnut Street, Philadelphia, Pennsylvania;

(b) enjoining the defendant, his agents, servants, employees and all persons in active concert or participation with them from directly or indirectly soliciting, demanding, accepting or receiving any rent in excess of the maximum legal rent established by the Housing and Rent Act of 1947, as amended or superseded, and the Regulations issued thereunder, as amended or superseded;

(c) directing the defendant to pay the costs of this action.